**O**

# United States District Court
# Central District of California

| | |
|---|---|
| Philip Markowitz,<br><br>               Plaintiff,<br><br>     v.<br><br>JPMorgan Chase Bank, N.A. et al.,<br><br>               Defendants. | Case № 2:23-cv-06528-ODW (MRWx)<br><br>**ORDER GRANTING DEFENDANT CLAIRE DAWSON'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [17]** |

## I.     INTRODUCTION

Plaintiff Philip Markowitz brings this action against Defendants JPMorgan Chase Bank, N.A. and Claire Dawson for the alleged improper retention of funds in Markowitz's bank accounts.  (Notice of Removal Ex. 1 ("Compl."), ECF No. 1-1.) Dawson now moves to be dismissed from this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) for lack of personal jurisdiction.   (Mot. Dismiss ("Motion" or "Mot."), ECF No. 17.)   For the reasons discussed below, the Court **GRANTS** Dawson's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.      BACKGROUND

The following facts are taken from Markowitz's Complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that well-pleaded factual allegations are accepted as true for purposes of a motion to dismiss).

Since approximately 1999, Markowitz has been an accountholder with JPMorgan Chase Bank, N.A. ("Chase").  (Compl. ¶ 6.)  In April 2023, Markowitz deposited two checks made out by Suretec Insurance Company into his Chase account, one in the amount of $587,315.39 and the other in the amount of $95,931.58, totaling $683,246.97.[2]  (*Id.* ¶ 7.)  On May 4, 2023, the checks cleared Suretec's account.  (*Id.*)

However, on May 11, 2023, when Markowitz attempted to use his Chase credit card, Chase declined the transaction.  (*Id.* ¶ 8.)  After Markowitz contacted Chase about the issue, a bank representative informed Markowitz that his credit card account had been closed.  (*Id.*)  A few days later, at a Chase branch located in Los Angeles, California, Markowitz attempted to withdraw funds from his accounts, but the branch manager informed Markowitz that his accounts had been closed and that Chase was terminating its banking relationship with Markowitz because he had engaged in "inappropriate conduct" with a Chase employee.  (*Id.* ¶ 9.)  On that date, Chase denied Markowitz access to the money in his accounts.  (*Id.* ¶ 10.)

Markowitz subsequently received letters from Chase dated May 11, 2023, and May 12, 2023, confirming that his accounts had been closed and stating that Markowitz may be prosecuted for trespassing should he enter the premises of any Chase branch.  (*Id.* ¶¶ 11–13.)  As of May 11,2023, the funds in Markowitz's Chase accounts were in excess of $2,000,000.  (*Id.* ¶ 14.)  Markowitz made repeated attempts

---

[2] In his Complaint, Markowitz alleges that the total amount of the two checks is $684,200.07. (Compl. ¶ 7.)  Markowitz later amends the total to $683,246.97, (Opp'n 5 n.1, ECF No. 18), and provides support indicating that the correct value of the second check is $95,931.58 (rather than $95,931.68), (Decl. Philip Markowitz ISO Opp'n ("Markowitz Decl.") ¶ 4, ECF No. 18-1).  These discrepancies are not material to the disposition of this motion.

by telephone to obtain the return of his funds from Chase, (*id.* ¶¶ 19–23), and he has yet to receive approximately $684,000, (*id.* ¶ 24).

On July 6, 2023, Markowitz filed this action against Defendants Chase and Claire Dawson[3] in Los Angeles County Superior Court.  (*See generally id.*)  On August 10, 2023, Chase removed the action to federal court on the basis of diversity jurisdiction.  (*See generally* Notice of Removal ("NOR"), ECF No. 1.)  Dawson now moves to dismiss herself from this action pursuant to Rule 12(b)(2) for lack of personal jurisdiction.  (Mot.)

### III.     LEGAL STANDARD

Federal courts have the power to exercise personal jurisdiction to the extent permitted by the laws of the states in which they sit.  Fed. R. Civ. P. 4(k)(1)(A).  "California's long-arm jurisdictional statute is coextensive with federal due-process requirements . . . ."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004); *see* Cal. Civ. Proc. Code § 410.10.  When this is the case, the court inquires whether the defendant "ha[s] certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *Glencore Grain Rotterdam B.V. v. Shinvath Rai Hanarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).  A non-resident defendant may be subject to either general or specific personal jurisdiction. *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987).

When a party seeks dismissal under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the exercise of personal jurisdiction is proper.  *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007).  When, as here, a motion to dismiss for lack of personal jurisdiction is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima

---

[3] Plaintiff erroneously sued Defendant as "Clair Dawson."  (*See* Compl.)  The correct spelling of Defendant's name is Claire Dawson.  (NOR ¶ 9.)

facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). "[U]ncontroverted allegations in the complaint must be taken as true," and any conflicts between the facts in the parties' affidavits are resolved in the plaintiff's favor. *Schwarzenegger*, 374 F.3d at 800. However, "bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (internal quotation marks omitted). Random, fortuitous, or attenuated contacts will not be sufficient to establish specific personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.        DISCUSSION

A non-resident defendant may be subject to either general or specific personal jurisdiction. *Fed. Deposit Ins. Corp.*, 828 F.2d at 1442. Here, Markowitz contends that Dawson is only subject to specific personal jurisdiction in this Court. (Opp'n 6.)

To determine whether a defendant's contacts with the forum state are sufficient to render the exercise of specific jurisdiction reasonable, the Ninth Circuit applies a three-prong test: (a) the nonresident defendant purposefully directs activities or consummates some transaction with the forum-state, or performs some act by which he personally avails himself of the privilege of conducting activities in that forum; (b) the claim arises out of or relates to the defendant's forum-related activities; and

(c) the exercise of jurisdiction comports with fair play and substantial justice, *i.e.*, it is reasonable. *Schwarzenegger*, 374 F.3d at 802. The party asserting jurisdiction bears the burden of satisfying the first two prongs of this test, upon which the burden shifts to the party contesting jurisdiction to "present a compelling case" that the third prong—reasonableness—has not been satisfied. *Id.*

In tort cases like this, the first prong is satisfied if the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Dole Foods Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). Dawson has been employed by Chase for the last twenty years in Texas, where she has lived continuously since 1995. (Decl. Claire Dawson ISO Mot. ("Dawson Decl.") ¶¶ 1, 3, ECF No. 17-1.) Through her role as a Managing Director / Operations Executive at Chase, Dawson attached her electronic signature to the three checks that refunded only $1,455,284.74 of the total $2,138,531.71 balance to Markowitz (the "Refund Checks"). (Dawson Decl. ¶¶ 1, 7; Markowitz Decl. Ex. 1 ("Refund Checks"), ECF No. 18-2.)

Based solely on the fact that Dawson signed the Refund Checks, Markowitz concludes in his Complaint, without further factual support, that Dawson was "the decision maker with regard to his accounts with Chase [and] that she is the one that authorized or directed that Markowitz'[s] funds continued to be withheld by Chase." (Compl. ¶ 25.) However, Markowitz's Complaint is void of any specific factual allegations supporting the conclusion that Dawson made the decision to withhold the remaining $684,200.07 at issue. Markowitz states that he was informed of Chase's decision to withhold his funds during calls with the Chase Complaint and Escalation Group and the Chase Fraud Team, (*id.* ¶¶ 17–19), but he alleges no specific facts that Dawson was involved in that decision in any way. In fact, to the contrary, Dawson declares that she "was not the decision-maker with respect to the closing of Philip Markowitz's accounts with Chase, the restriction of any of his accounts, or the holding of any funds." (Dawson Decl. ¶ 5.) The Court does not accept Markowitz's general

and unsupported conclusion that Dawson was the decision maker with respect to the closing of Markowitz's account, see *Swartz*, 476 F.3d at 766, and it therefore focuses the personal jurisdiction analysis on whether Dawson's intentional act of authorizing the Refund Checks was one "expressly aimed at the forum state" and sufficient to render the exercise of specific jurisdiction reasonable. *Dole Foods Co., Inc.*, 303 F.3d at 1111.

"[T]he minimum contacts analysis examines 'the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1065, 1068 (9th Cir. 2017) (quoting *Walden*, 571 U.S. at 285); *see also Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."). Dawson, as the signatory on the Refund Checks made out by Chase, directed her conduct at Markowitz, not the State of California. There are no facts indicating that Dawson ever spoke with Markowitz, (*c.f.* Dawson Decl. ¶ 6 ("To my knowledge, I have never spoken with Philip Markowitz.")), that she mailed the checks to Markowitz's residence in California, or that she was even aware that Markowitz lived in California. Dawson's only alleged connection to California is through Markowitz, which is insufficient to satisfy the purposeful direction test. *See Axiom Foods*, 874 F.3d at 1068. Accordingly, Dawson's act of signing the checks is insufficient to avail herself of the privilege of conducting activities in California or of the benefits of California law, and it does not render her subject to the jurisdiction of this Court.

Having concluded that Markowitz fails to establish the first prong of the personal jurisdiction analysis, the Court need not inquire further. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) ("[I]f the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed."); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) ("[Plaintiff's] arguments fail under the

first prong.  Accordingly, we need not address whether the claim arose out of or resulted from [the defendant's] forum-related activities or whether an exercise of jurisdiction is reasonable . . . .").

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Claire Dawson's Motion to Dismiss for lack of personal jurisdiction, with leave to amend limited to curing the deficiencies identified above.  (ECF No. 17.)  If Markowitz chooses to amend, the First Amended Complaint is due no later than fourteen days from the date of this Order, in which case Defendants shall answer or otherwise respond within fourteen days of the filing.

**IT IS SO ORDERED.**

December 11, 2023

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**